IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY CARTER, | ) | |
| | ) | No.: |
| Plaintiff, | ) | |
| | ) | Removed from the Circuit Court of Cook |
| v. | ) | County, Illinois, State Court Case No. |
| | ) | 2019L007949 |
| BERJE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant FONA International, Inc. ("FONA") hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

The allegations of Plaintiff Gary Carter ("Plaintiff") make clear that this products liability lawsuit involves diverse parties and an amount in controversy well beyond this Court's jurisdictional minimum. Although Plaintiff might challenge this removal based on FONA's Illinois citizenship, the forum defendant rule only prohibits a properly joined *and* served defendant from removing a case. 28 U.S.C. § 1441(b)(2). As Plaintiff has not yet served FONA, this Court can and should exercise its diversity jurisdiction over this lawsuit.

In further support of its Notice, FONA respectfully states:

## GROUNDS FOR REMOVAL

1.      Plaintiff commenced this action captioned *Gary Carter v. Berje, Inc., et al.*, Case No. 2019L007949, on or about July 19, 2019 by filing his Complaint in the Circuit Court of Cook County, Illinois.

2.      Plaintiff alleges that exposure to diacetyl, 2,3 pentanedione (acetyl propionyl) and/or other flavoring chemicals caused lung disease and impairment.  Plaintiff seeks extensive compensatory damages from FONA and other Defendants.

3.      This case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because FONA has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**I.      FONA has satisfied the procedural requirements for removal.**

4.      FONA has not been served with Plaintiff's Complaint.  Because this Notice of Removal is being filed within 30 days after receipt of the Complaint, through service or otherwise—events that have not occurred—removal is timely under 28 U.S.C. § 1446(b).

5.      No further proceedings have been had in this action.

6.      Removal to this Court is proper, because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also id.* § 93(a)(1) (stating that the United States District Court for the Northern District of Illinois, Eastern Division, comprises eight counties, including Cook County.)

7.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached collectively as **Exhibit 1**.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Circuit Court of Cook County, Illinois.

**II.      Removal is proper, because this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.**

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because this is a civil action involving citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

A. **There is complete diversity of citizenship.**

10.     Plaintiff is and was at the time of filing the Complaint, a citizen of South Carolina. *See* Ex. 1, Compl. § 1; *see D.C. v. Murphy*, 314 U.S. 441, 455 (1941) (the place where a person lives is properly taken to be that person's domicile until established to the contrary); *Century Commodity Corp. v. Data-Trend Commodities Inc.,* 1986 WL 9557, at *5 (N.D. Ill. Aug. 22, 1986) ("Where one lives is *prima facie* his domicile.") (internal quotation marks and citation omitted.)

11.     Defendant FONA is now, and was at the time Plaintiff commenced this action, an Illinois corporation with its principal place of business in Illinois and therefore is a citizen of Illinois for purposes of determining diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1); Ex. 1, Compl.)

12.     Defendant Berje, Inc. is a New York corporation with its principal place of business in New Jersey.

13.     Defendant Centrome, Inc. is a Delaware corporation with its principal place of business in New Jersey.

14.     Defendant Citrus & Allied Essences, Ltd. is a New York corporation with its principal place of business in New York.

15.     Defendant DSM Food Specialties, Inc. is a Delaware corporation with its principal place of business in New Jersey.

16.     Defendant Elan Chemical Company, Inc. is a New Jersey corporation with its principal place of business in New Jersey.

17.     Defendant Frutarom USA, Inc. is a New Jersey corporation with its principal place of business in New Jersey.

18.     Defendant Gamay Foods, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin.

19.     Defendant Kerry, Inc. is a Delaware corporation with its principal place of business in Wisconsin.

20.     Defendant O'Laughlin Industries, Inc. is a New Jersey corporation with its principal place of business in New Jersey.

21.     Defendant Penta Manufacturing Co., Inc. is a Georgia corporation with its principal place of business in New Jersey.

22.     Defendant Phoenix Aromas & Essential Oils, Inc. is a New York corporation with its principal place of business in New Jersey.

23.     Defendant Sigma-Aldrich, Inc. is a Wisconsin corporation with its principal place of business in Missouri.

24.     Defendant Edlong Corporation is an Illinois corporation with its principal place of business in Illinois.

25.     None of the Defendants have been served with Plaintiff's Complaint.  Generally, all Defendants must join in a removal petition or consent to such removal within the thirty-day time limit established by subsection 1446(b).  *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).  The Seventh Circuit recognizes an exception to the joinder/consent rule for defendants who have not been served at the time the removal petition is filed.  *P.P. Farmers Elevator Company v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968).

26.     Therefore, there is complete diversity between Plaintiff and Defendants in this action.

   **B.     FONA's status as a forum defendant is not a bar to removal.**

27.     Pursuant to 28 U.S.C. § 1441(b)(2), an action otherwise properly removable "may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

4

28.     Removal is proper, because FONA has not been "properly…served" with the Complaint, as is required by the plain language of § 1441(b).  *See*, *D.C. by and through Cheatham v. Abbott Laboratories, Inc.,* 323 F.Supp.3d 991 (N.D. Ill. Aug. 28, 2018) (under the forum defendant rule, removal before service on an in-forum defendant is permissible); *Selective Ins. Co. of S.C. v. Target Corp.,* 2013 WL 12205696, at *1 (N.D. Ill. Dec. 13, 2013) (defendant's status as Illinois citizen could not be construed to defeat removal where defendant was not served at time of removal); *Maple Leaf Bakery v. Raychem Corp.,* 1999 WL 1101326, at *1 (N.D. Ill. Nov. 29, 1999) (same). Some district court cases have found allowing removal of diversity actions by an unserved citizen defendant to defeat the purpose of the statute. *See, e.g., In re Testosterone Replacement Therapy Prod. Liab. Litig.,* 67 F. Supp. 3d 952, 959-962 (N.D. Ill. 2014). However, as one court noted, "[t]he statute contains no proviso [that unserved citizen defendants cannot remove], and, given its clarity, it is not the Court's role to insert one." *Massey v. Cassens & Sons, Inc.,* 2006 WL 381943, at *3 (S.D. Ill. Feb. 16, 2006). For this reason, courts in the Seventh Circuit have denied remand requests based on a defendant's forum state citizenship where the defendant is not served. *See D.C. by and through Cheatham v. Abbott Laboratories, Inc.,* 323 F.Supp.3d 991 (N.D. Ill. Aug. 28, 2018); *Selective Ins. Co. of S.C.* 2013 WL 12205696, at *1; *Maple Leaf Bakery*, 1999 WL 1101326, at *1; *Test Drilling Serv. Co. v. Hanor Co.,* 322 F. Supp. 2d 953, 957 (C.D. Ill. 2003); *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.,* 2013 WL 656822, at *4 (S.D. Ill. Feb. 22, 2013); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prod. Liab. Litig.*, 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010); *Sheffer v. Cottrell, Inc.*, 2009 WL 1231037, at *3 (S.D. Ill. Apr. 30, 2009); *Massey,* 2006 WL 381943, at *3.

29.     A plain language reading of 28 U.S.C. § 1441 is consistent with Congressional intent. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 left the "properly

joined and served" language of the statute unchanged. Pub. L. No. 112-63; 125 Stat. 758 (2011). As the United States District Court for the Northern District of California has ruled following extensive analysis of the legislative history, courts are "bound to take Congress's preservation of § 1441's 'properly joined and served' language as an endorsement." *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.,* 881 F. Supp. 2d 1123, 1129 (N.D. Cal. 2012). Any contrary reading of the statute "would improperly discard pivotal parts of the statute as mere surplusage." Id. at 1128. Because FONA has not been served, the forum defendant rule does not apply, and this case is properly removed.

C.      **The amount-in-controversy requirement is satisfied.**

30.      Under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." "In actions for injury to the person," Illinois law prohibits any complaint from containing "an ad damnum, except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed." 735 ILCS 5/2-604.[1]

31.      Removal of a lawsuit is nonetheless proper upon the defendant's assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1446(c)(2)(B). The United States Court of Appeals for the Seventh Circuit has recognized that, for a defendant, establishing the amount in controversy is easier said than done "when the plaintiffs, who control

---

[1] Plaintiff's Prayer for Relief provides that Plaintiff requests "judgment be entered in his/her favor against each of the Defendants jointly and severally, for the full amount of Plaintiff's damages as determined in a trial by jury, which amount greatly exceeds the minimum jurisdictional amount in the Circuit Court of Cook County, Law Division, along with the costs and all other relief the Court determines just and appropriate."

the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Intl,* 639 F.3d 761, 763 (7th Cir. 2011) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). Thus, where the plaintiff has not specifically averred the amount in controversy is less than the jurisdictional minimum, a defendant's "good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.; Stratton v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 2012 WL 1533456, at *1 (N.D. Ill. Apr. 25, 2012) (same).

32.     The amount in controversy far exceeds the jurisdictional minimum of $75,000. Plaintiff alleges that, as a result of diacetyl, 2,3 pentanedione and/or other flavoring exposure, Plaintiff suffers from lung disease and impairment.   (Ex. 1, Compl.; *see also, id.* ("Plaintiff sustained severe permanent and progressive damage to his pulmonary system and other systems which impaired Plaintiff's ability to function normally.")  Plaintiff seeks damages for:

(a)     Severe, permanent and progressive damage to Plaintiff's pulmonary system and other systems which impaired Plaintiff's ability to function normally;

(b)     Suffering past and future physical pain, mental and emotional distress, loss of sleep and rest, loss of enjoyment of life, and loss of earnings;

(c)     Expenses for past and future medical treatment, medication, medical monitoring and medical devices;

(d)     Compensation for Plaintiff's permanent lung disease;

(e)     All other damages available under applicable law; and

(f)     Costs of this suit.

(*Id.*)

33.     Courts routinely find the jurisdictional amount in controversy requirement satisfied in cases in which plaintiffs make such claims for permanent injuries. *See, e.g., Varkalis v. Werner Co.,* 2010 WL 3273493, at *2 (N.D. Ill. Aug. 18, 2010) ("Absolute confirmation of the amount in

controversy is not necessary where the 'plaintiffs allege serious, permanent injuries and significant medical expenses' which exceed $75,000 on the face of the complaint.") (quoting *Fields v. Jay Henges Enters., Inc.,* 2006 WL 1875457, at \*3 (S.D. Ill. June 30, 2006)); *Houston v. United States*, 638 F. App'x 508, 513 (7th Cir. 2016) (amount in controversy exceeded $75,000 where plaintiffs use of gout medication caused plaintiff to develop Stevens-Johnson Syndrome, which resulted in permanent physical injuries and disfigurement.)

34.     Thus, Plaintiff's claims for compensatory damages allegedly related to Plaintiff's "severe permanent lung disease" exceed this Court's minimum $75,000 jurisdictional limit.  (Ex. 1)

WHEREFORE, Defendant FONA International, Inc. hereby removes this action to this Court.

Respectfully submitted,

/s/ Daniel A. Waitzman_____
John K. Hughes
jhughes@hsplegal.com
Daniel A. Waitzman
dwaitzman@hsplegal.com
William B. Kalbac
wkalbac@hsplegal.com
HUGHES SOCOL PIERS RESNICK DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL 60602
Telephone: 312.604.2602
Fax: 312.604.2603

LOCAL COUNSEL FOR DEFENDANT FONA INTERNATIONAL, INC.

And

Moira H. Pietrowski (6243234)
mpietrowski@ralaw.com

Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
LEAD COUNSEL FOR DEFENDANT
FONA INTERNATIONAL, INC.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a true and correct copy of the foregoing document was served via electronic mail and U.S. First Class Mail, postage prepaid, this 26th day of July 2019, to the following counsel of record:  Tom R. Burcham, III, 222 West Columbia Street, Farmington, MO 63640, email tomburcham@tomburcham.com.

/s/ Daniel A. Waitzman
Daniel A. Waitzman

14056008 _1