# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY CARTER,                                    )
                                                )  No.:
            Plaintiff,                          )
                                                )  Removed from the Circuit Court of Cook
       v.                                       )  County, Illinois, State Court Case No.
                                                )  2019L007949
BERJE, INC., et al.,                            )
                                                )
            Defendants.                         )

## **INDEX OF EXHIBITS TO NOTICE OF REMOVAL**

| Exhibit | Description |
|---------|-------------|
| 1 | Plaintiff's Complaint at Law |

**12-Person Jury**

IN THE CIRCUIT COURT OF COOK COUNTY
STATE OF ILLINOIS

FILED
7/19/2019 10:08 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L007949

5833713

**GARY CARTER**
267 Marlboro Road
Bennettsville, SC  29512

    Plaintiff,

    v.

**BERJE, INC.**
<u>Serve at:</u>
Managing Agent or Person in Charge
700 Blair Road
Carteret, NJ 07008

and

**CENTROME, INC.**
<u>Serve at:</u>
Managing Agent or Person in Charge
10 Taft Road
Totowa, NJ 07512-1006

and

**CITRUS & ALLIED ESSENCES, LTD**
<u>Serve at:</u>
Managing Agent or Person in Charge
65 South Tyson Avenue
Floral Park, NY  11001

and

**DSM FOOD SPECIALTIES USA, INC.**
<u>Serve at:</u>
Managing Agent or Person in Charge
45 Waterview Boulevard
Parisippony, NJ  07054

and

**ELAN CHEMICAL COMPANY, INC.**
<u>Serve at:</u>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case **No.** 2019L007949

FILED DATE: 7/19/2019 10:08 AM  2019L007949

1

FILED DATE: 7/19/2019 10:08 AM   2019L007949

Managing Agent or Person in Charge )
268 Doremus Avenue )
Newark, NJ  07105 )
)
and )
)
**FONA INTERNATIONAL, INC.** )
 Serve at: )
National Corporate Research, LTD )
222 E. Dunklin, Suite 102 )
Jefferson City, MO  65101 )
)
and )
)
**FRUTAROM USA, INC.** )
Serve at: )
Managing Person or Person in Charge )
9950 Commerce Park Drive )
Cincinnati, OH  45246 )
)
and )
)
**GAMAY FOODS, INC.** )
Serve at: )
Managing Agent or Person in Charge )
2700 S. 171st Street )
New Berlin, WI  53151 )
)
and )
)
**KERRY, INC.** )
Serve at: )
Managing Agent or Person in Charge )
8020 Excelsior Drive, Ste. 200 )
Madison, WI  53717 )
)
and )
)
**O'LAUGHLIN INDUSTRIES, INC.** )
Serve at: )
Managing Agent or Person in Charge )
150 Morris Avenue, Suite 207 )
Springfield, NJ  07801 )
)
and )
)

2

FILED DATE: 7/19/2019 10:08 AM   2019L007949

**PENTA MANUFACTURING CO., INC.**                    )
<u>Serve at:</u>                                                      )
Managing Agent or Person in Charge                   )
50 Okner Parkway                                               )
Livingston, NJ  07039                                          )
                                                                          )
and                                                                      )
                                                                          )
**PHOENIX AROMAS & ESSENTIAL OILS, INC.**      )
<u>Serve at:</u>                                                      )
Managing Agent or Person in Charge                   )
355 Chestnut Street                                            )
Norwood, NJ  07648                                          )
                                                                          )
and                                                                      )
                                                                          )
**SIGMA-ALDRICH, INC.**                                 )
<u>Serve at:</u>                                                      )
Managing Agent or Person in Charge                   )
3050 Spruce Street                                            )
St. Louis, MO  63103                                         )
                                                                          )
and                                                                      )
                                                                          )
**THE EDLONG CORPORATION**                       )
<u>Serve at:</u>                                                      )
Managing Agent or Person in Charge                   )
225 Scott Street                                                )
Elk Grove Village, IL 60007                                 )
                                                                          )

## <u>COMPLAINT</u>

COMES NOW, Plaintiff, Gary Carter, by counsel, and, for his complaint against

Defendants more specifically and fully identified herein, state as follows:

### <u>PLAINTIFF</u>

1.      Plaintiff, Gary Carter, is a natural adult person residing at 267 Marlboro Road,

Bennettsville, South Carolina 29512.  Plaintiff Gary Carter was employed at Popz USA in South

Carolina from on or about 1999 to on or about 2018.

3

FILED DATE: 7/19/2019 10:08 AM   2019L007949

2.      While working at the plant(s) identified above Plaintiff suffered exposure to diacetyl, 2,3, pentanedione (acetyl propionyl), 2,3 hexanedione, 2,3 heptanedione, and/or other diketones and flavoring chemicals which caused the injuries and damages described more fully in this complaint.  (These chemicals and flavorings and any product which contains any one or more of these chemicals or flavorings are hereinafter referred to as "toxic flavorings").

3.      Human occupational exposure to toxic flavorings causes damage to the human pulmonary system, including, but not limited to, pulmonary fibrosis, bronchiolitis obliterans, chronic obstructive pulmonary disease, impairment of lung function, shortness of breath, fatigue, obstructive and restrictive abnormalities, occupational asthma, and other adverse respiratory and pulmonary conditions, symptoms, and diseases.

4.      Plaintiff suffers from lung disease and impairment resulting from exposure to toxic flavorings used at the plant(s) identified herein.

5.      The toxic flavorings used at the plants identified herein were designed, manufactured, distributed, marketed and/or sold by the Defendants in the ordinary course of their businesses.

## DEFENDANTS

6.      Berje, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business in New Jersey.  At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

7.      Centrome, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey.  At all relevant times, this

4

FILED DATE: 7/19/2019 10:08 AM 2019L007949

Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

8.     Citrus & Allied Essences, Ltd. is a corporate entity organized and doing business under the laws of the State of New York with its principal place of business in New York. At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

9.     DSM Food Specialties, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey. At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

10.     Elan Chemical Company, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

11.     FONA International, Inc. is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

FILED DATE: 7/19/2019 10:08 AM 2019L007949

12.     Frutarom USA, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

13.     Gamay Foods, Inc. is a corporation organized and doing business under the laws of the State of Wisconsin with its principal place of business in Wisconsin. At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

14.     Kerry, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Wisconsin. At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

15.     O'Laughlin Industries, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

16.     Penta Manufacturing Co., Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in New Jersey. At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings

FILED DATE: 7/19/2019 10:08 AM   2019L007949

supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

17.     Phoenix Aromas & Essential Oils, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business in New Jersey.   At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

18.     Sigma-Aldrich Inc., which may also be known as, and is sued as, Sigma-Aldrich Sales, Inc., is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Missouri.  At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

19.     The Edlong Corporation is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois.  At all relevant times, this Defendant designed, manufactured, supplied, and/or distributed toxic flavorings supplied to Plaintiff's employer(s) and used at the plant(s) in which Plaintiff worked, as said employer(s) and plant(s) are identified above.

20.     John Does 1-20 are business entities which, upon information and belief, designed, manufactured, supplied, distributed and/or sold toxic flavorings to which Plaintiff was exposed at all relevant times, and which, upon information and belief conducted business in, and sought the rights and protections of the laws of, the State of Illinois.

7

21.     At all relevant times, the true names and addresses of John Doe Defendants 1-20 have been and remain unknown despite Plaintiff's attempts to discover their names and addresses.  The John Doe Defendants are individuals, partnerships, corporations, or other business entities which are or were engaged in the business of designing, manufacturing, supplying, distributing, marketing and/or selling toxic flavorings to which Plaintiff was exposed.

## JURISDICTION AND VENUE

22.     Each count in this complaint prays for an amount in excess of $25,000. Therefore, this Court has subject matter jurisdiction of this cause of action.

23.     Although Plaintiff seeks an amount in excess of $75,000.00, exclusive of interest and costs, in this cause of action, this matter may not be removed to federal district court based upon diversity of citizenship because the following Defendants have their principal places of business in Illinois and/or are Illinois corporations and are therefore resident defendants and citizens of the State of Illinois (28 U.S.C. §1941(b)(2)):  FONA International, Inc., and/or The Edlong Corporation.

24.     Furthermore, no claim in this complaint arises under the laws of the United States, and so this cause of action may not be removed to federal district court under a federal question.

25.     Venue is proper in Cook County, Illinois.  Specifically, 735 ILCS 512-101 states in applicable part: "Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county."  Defendant The Edlong Corporation is a resident of Cook County, Illinois, and, additionally, has its principal place of business within Cook County.

FILED DATE: 7/19/2019 10:08 AM   2019L007949

26.     Each Defendant is subject to *in personam* jurisdiction of this Court pursuant to 735 ILCS 5/2-209 in that Defendants caused tortious injury in this state by acts and omissions in this state, including their failures to warn and instruct workers in this state, and by their concealment of the dangers presented by exposure to their products in this state, as more fully described in this Complaint. Moreover, Defendants regularly do and solicit business in Illinois and/or derive substantial revenue from their goods and products used in Illinois. Also, Defendants tortiously injured Plaintiff by acts outside Illinois with the purpose of injuring persons in Illinois because Defendant knew or should have known or expected or reasonably should have expected users of their products, like Plaintiff, to be injured by their products in Illinois. Each of Plaintiff's causes of action sound in tort, and each Defendant committed tortious acts which caused injury in Illinois because Plaintiff's injuries were sustained and became capable of ascertainment in Illinois and/or because each Defendant sold its dangerous products to purchasers in Illinois. In addition, each Defendant transacted business in Illinois and contracted to supply goods or services in Illinois and profited from selling products used in Illinois and thereby caused Plaintiff and others to use harmful and unreasonably dangerous products in Illinois. Defendants sold their harmful and unreasonably dangerous products directly to purchasers in Illinois and/or placed their products in the stream of commerce for use in the State of Illinois. Moreover, each Defendant in this case has sufficient minimum contacts, including but not limited to continuous and systematic contacts, with the State of Illinois for this Court to constitutionally exercise general jurisdiction over each Defendant, because each Defendant has directed commerce and business activities, on a continuing, ongoing, and substantial basis to Illinois to such an extent that each Defendant may reasonably expect to be haled into court in Illinois. Thus, this Court also exercises general *in personam* jurisdiction over each Defendant.

9

FILED DATE: 7/19/2019 10:08 AM   2019L007949

27.     Each Defendant is sued individually and for its successor liability, if any, for any business entity or person, whether named individually or not, undertaking the wrongful acts and omissions described in this complaint and for which said Defendant is liable under Illinois law.

28.     The acts and omissions of each Defendant, as described herein, were direct and proximate causes of all of Plaintiff's injuries.  Thus, subject to applicable law, each Defendant is sued jointly and severally and in the alternating.

29.     All Defendants are properly joined in this action because each participated and/or has an interest in the series of occurrences and transactions (for example, Defendants' design, manufacture, distribution and sales of toxic flavorings) giving rise to this cause of action and because joinder of all Defendants is necessary to settle the question of liability for the injuries and damages to Plaintiff and because Plaintiff asserts liability against Defendants jointly, severally, and in the alternative.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

30.     The toxic flavorings manufactured, distributed, and/or sold by each Defendant were used in each plant identified herein while Plaintiff worked there.  As a result, Plaintiff suffered occupational exposure to the toxic flavorings manufactured and/or sold by each Defendant.

31.     As a direct and proximate cause of occupational exposure described herein, Plaintiff was injured as more fully described herein.

32.     Each Defendant owed a duty of care for the safety of persons, like Plaintiff, who were likely to incur occupational exposure to the toxic flavorings manufactured, distributed, and/or sold by each Defendant.

FILED DATE: 7/19/2019 10:08 AM   2019L007949

## COUNT I:   <u>NEGLIGENCE</u>

33.     Plaintiff incorporates by reference all preceding allegations as if set forth fully herein and further alleges:

34.     Each Defendant had and breached the following duties to protect the Plaintiff from injury, which constitute actionable negligence:

    a.  the duty to warn all foreseeable users of Defendants' toxic flavorings of the likelihood, probability and/or foreseeability that the harms listed herein would or might occur if the products were used as intended;

    b.  the duty to apply the skill of an expert in the field of flavoring and chemical design, manufacture, supply, distribution, marketing and sale, and to possess superior knowledge of the nature and qualities of its products;

    c.  the duty to acquire, maintain and apply the best scientific knowledge, discoveries and advances available in the field of flavoring and/or chemical design, manufacture, supply, distribution, marketing and sale;

    d.  the duty to test, design, manufacture, supply, distribute, market and sell flavorings and/or their constituents that when used as intended were reasonably safe for all foreseeable users;

    e.  the duty to make feasible improvements in design, composition, or manufacture of flavorings and/or their constituents that would decrease the foreseeable risk to users;

    f.  the duty to disclose to all foreseeable users the results of their own scientific research, discoveries and advances, and other scientific research, discoveries, or advances known to Defendants indicating that the use of flavorings and/or their constituents cause serious risks of harm;

    g.  the duty to warn all foreseeable users of the known dangers of flavorings and/or their constituents;

    h.  the continuing duty to warn and instruct all foreseeable users of the flavorings and/or their constituents concerning defects of which the Defendants acquired knowledge or should have acquired knowledge after the product was manufactured or sold;

    i.  the continuing duty to warn and instruct all foreseeable users of the flavorings and/or their constituents concerning the measures necessary to eliminate, reduce, or mitigate the dangers of exposure to their toxic flavorings;

11

FILED DATE: 7/19/2019 10:08 AM   2019L007949

j.  the duty to provide instructions to foreseeable users regarding how to eliminate, reduce, or mitigate the hazards of exposure to their flavorings and/or constituents; and,

k.  other duties based on evidence that is unknown at this time but may become known prior to or during the trial of this matter.

35.     As a direct and proximate cause of Defendants' negligence, as described above, Plaintiff sustained severe, permanent and progressive damage to Plaintiff's pulmonary system and other systems which impaired Plaintiff's ability to function normally.

36.     Defendants' negligence caused or contributed to cause Plaintiff to suffer past and future physical pain, mental and emotional distress, loss of sleep and natural rest, loss of enjoyment of life, and other limitations and physical injuries.

37.     Defendants' negligence caused or contributed to cause Plaintiff to incur expenses for past and future medical treatment, medication, medical monitoring, and medical devices. In addition, Plaintiff has suffered and will suffer damages for loss of earnings and loss of earning capacity, and all other damages permitted by Illinois law.

38.     In addition, Defendants knew that their toxic flavorings were unusually hazardous because they cause severe, permanent lung disease and, as a result, that exposure to their toxic flavorings created a high degree of probability of injury. Defendants' actions in exposing Plaintiff to their toxic flavorings and failing to mitigate the Plaintiff's damages were outrageous and showed complete indifference to or conscious disregard for the safety of others, including Plaintiff.  Therefore, punitive damages should be awarded in favor of Plaintiff and against Defendants in an amount that will punish Defendants and deter others from undertaking like conduct.

WHEREFORE, Plaintiff, by counsel, requests that judgment be entered in his/her favor against each of the Defendants, jointly and severally, for the full amount of Plaintiff's damages as determined in a trial by jury, which amount greatly exceeds the minimum jurisdictional amount in the Circuit Court of Cook County, Law Division, along with costs and all other relief the Court determines just and appropriate.

## COUNT II: STRICT PRODUCT LIABILITY - DESIGN, MANUFACTURING, AND INHERENT DEFECTS

39.     Plaintiff incorporates by reference all preceding allegations as if set forth fully herein.

40.     The toxic flavorings manufactured, supplied, distributed, and/or sold by Defendants in the ordinary course of business reached the plant in which Plaintiff worked in the same material condition as manufactured, supplied, distributed, and/or sold by Defendants and were used in the plant in which Plaintiff worked in the manner intended by Defendants. The unreasonably dangerous conditions described herein, which caused Plaintiff's injuries described herein, existed at the time the toxic flavorings left Defendants' control.

41.     The products made and/or sold by Defendants were unreasonably dangerous and defective because said products were made of or contained toxic flavorings and occupational exposure to toxic flavorings is dangerous to human health by causing the diseases, symptoms, and conditions described herein. Defendants knew that workers employed in food factories, like Plaintiff, would use and work with and around Defendants' toxic flavorings and become occupationally exposed to them.

42.     Separately, alternatively, and independently, the toxic flavorings made or sold by Defendants were unreasonably dangerous because the defects described herein were inherent and/or manufacturing defects.

13

FILED DATE: 7/19/2019 10:08 AM   2019L007949

43.     The danger presented by Defendants' toxic flavorings, having the unreasonably dangerous conditions described herein, went beyond that which would be contemplated by the ordinary user with knowledge common to the community and/or knowledge common to persons, like Plaintiff, working in environments, like food factories, in which the toxic flavorings were used.

44.     The benefits of the design and manufacture of the toxic flavorings are outweighed by the inherent risk of danger of the toxic flavorings.

45.     As a direct and proximate result of the unreasonably dangerous and defective condition of the toxic flavorings manufactured, supplied, distributed, and/or sold by Defendants, Plaintiff sustained severe, permanent and progressive damage to Plaintiff's pulmonary system and other systems which impaired Plaintiff's ability to function normally.

46.     Defendants' tortious acts alleged herein caused or contributed to cause Plaintiff to suffer past and future physical pain, mental and emotional distress, loss of sleep and natural rest, loss of enjoyment of life, and other limitations and physical injuries.

47.     Defendants' tortious acts alleged herein caused or contributed to cause Plaintiff to incur expenses for past and future medical treatment, medication, medical monitoring, and medical devices. In addition, Plaintiff has suffered and will suffer damages for loss of earnings and loss of earning capacity, and all other damages permitted by Illinois law.

48.     In addition, Defendants knew that their toxic flavorings were unusually hazardous because they cause severe, permanent lung disease and, as a result, that exposure to their toxic flavorings created a high degree of probability of injury. Defendants' actions in exposing Plaintiff to their toxic flavorings and failing to mitigate the Plaintiff's damages were outrageous and showed complete indifference to or conscious disregard for the safety of others, including

14

FILED DATE: 7/19/2019 10:08 AM    2019L007949

Plaintiff. Defendants' wrongful acts and omissions were outrageous because of Defendants' evil motive or reckless indifference for the rights of others. Therefore, punitive damages should be awarded in favor of Plaintiff and against Defendants in an amount that will punish Defendants and deter others from undertaking like conduct.

WHEREFORE, Plaintiff, by counsel, requests that judgment be entered in his/her favor against each of the Defendants, jointly and severally, for the full amount of Plaintiff's damages as determined in a trial by jury, which amount greatly exceeds the minimum jurisdictional amount in the Circuit Court of Cook County, Law Division, along with costs and all other relief the Court determines just and appropriate.

## COUNT III: STRICT PRODUCT LIABILITY – FAILURE TO WARN

49.     Plaintiff incorporates by reference all preceding allegations as if set forth fully herein.

50.     Each Defendant sold toxic flavorings in the course of its business and the toxic flavorings were unreasonably dangerous at the time of each sale because exposure to the toxic flavorings causes severe and permanent lung damage and disease. The unreasonably dangerous conditions described herein, which caused Plaintiff's injuries described herein, existed at the time the toxic flavorings left Defendants' control.

51.     Plaintiff used the toxic flavorings in a manner reasonably anticipated by Defendants and without knowledge of their characteristics due to Defendants' failure to warn the Plaintiff of the true hazards of their toxic flavorings. Defendants knew that workers employed in food factories, like Plaintiff, would use and work with and around Defendants' toxic flavorings and become occupationally exposed to them.

FILED DATE: 7/19/2019 10:08 AM   2019L007949

52.     Each Defendant failed to adequately warn its customers and occupational users of the danger that occupational use of its toxic flavorings may cause the injuries and conditions described herein.

53.     Each Defendant failed to adequately warn occupational users about the manufacturing, design, and inherent product defects described in this Complaint, as it may be amended from time to time, which caused said products to be unreasonably dangerous.

54.     Each Defendant failed to adequately warn of the unreasonably dangerous characteristics and conditions of the toxic flavorings described herein.

55.     After the toxic flavorings where manufactured, distributed, and/or sold, each Defendant failed to meet its continuing duty to warn all foreseeable users of the toxic flavorings' defects and unreasonably dangerous conditions of which Defendant knew or should have known, including those described herein.

56.     Each Defendant's failure to give adequate warnings as described herein caused or contributed to cause Plaintiff to sustain injuries and damages described herein.

57.     As a direct and proximate result of each Defendant's acts and omissions identified in this Count, Plaintiff sustained severe, permanent and progressive damage to Plaintiff's pulmonary system and other systems which impaired Plaintiff's ability to function normally.

58.     Defendants' tortious acts alleged herein caused or contributed to cause Plaintiff to suffer past and future physical pain, mental and emotional distress, loss of sleep and natural rest, loss of enjoyment of life, and other limitations and physical injuries.

59.     Defendants' tortious acts alleged herein caused or contributed to cause Plaintiff to incur expenses for past and future medical treatment, medication, medical monitoring, and

16

FILED DATE: 7/19/2019 10:08 AM  2019L007949

medical devices. In addition, Plaintiff has suffered and will suffer damages for loss of earnings and loss of earning capacity, and all other damages permitted by Illinois law.

60.     In addition, Defendants knew that their toxic flavorings were unusually hazardous because they cause severe, permanent lung disease and, as a result, that exposure to their toxic flavorings created a high degree of probability of injury. Defendants' actions in exposing Plaintiff to their toxic flavorings and failing to mitigate the Plaintiff's damages were outrageous and showed complete indifference to or conscious disregard for the safety of others, including Plaintiff.   Defendants' wrongful acts and omissions were outrageous because of Defendants' evil motive or reckless indifference for the rights of others.  Therefore, punitive damages should be awarded in favor of Plaintiff and against Defendants in an amount that will punish Defendants and deter others from undertaking like conduct.

WHEREFORE, Plaintiff, by counsel, requests that judgment be entered in his/her favor against each of the Defendants, jointly and severally, for the full amount of Plaintiff's damages as determined in a trial by jury, which amount greatly exceeds the minimum jurisdictional amount in the Circuit Court of Cook County, Law Division, along with costs and all other relief the Court determines just and appropriate.

## COUNT IV:  STRICT PRODUCT LIABILITY – FAILURE TO INSTRUCT

61.     Plaintiff incorporates by reference all preceding allegations as if set forth fully herein.

62.     The unreasonably dangerous conditions described herein, which caused Plaintiff's injuries described herein, existed at the time the toxic flavorings left Defendants' control.

FILED DATE: 7/19/2019 10:08 AM   2019L007949

63.     Defendants knew that workers employed in food factories, like Plaintiff, would use and work with and around Defendants' toxic flavorings and become occupationally exposed to them.

64.     Each Defendant failed to adequately provide instructions to its customers and occupational users about the measures necessary to eliminate, reduce, or mitigate the dangers of working with and around toxic flavorings.

65.     Each Defendant failed to instruct foreseeable users concerning adequate industrial hygiene controls, the appropriate temperatures for occupational use of the toxic flavorings, proper ventilation, proper personal protective measures and equipment, air monitoring, personal monitoring, and other measures necessary to make occupational use of the toxic flavorings reasonably safe.

66.     After the toxic flavorings were manufactured, distributed, and/or sold, each Defendant failed to meet its continuing duty to provide adequate instructions to its customers and occupational users about the measures necessary to eliminate, reduce, or mitigate the dangers of working with and around toxic flavorings.

67.     Each Defendant's failure to give adequate instructions as described herein caused or contributed to cause Plaintiff to sustain injuries and damages described herein.

68.     As a direct and proximate result of each Defendant's acts and omissions identified in this Count, Plaintiff sustained severe, permanent and progressive damage to Plaintiff's pulmonary system and other systems which impaired Plaintiff's ability to function normally.

69.     Defendants' tortious acts alleged herein caused or contributed to cause Plaintiff to suffer past and future physical pain, mental and emotional distress, loss of sleep and natural rest, loss of enjoyment of life, and other limitations and physical injuries.

FILED DATE: 7/19/2019 10:08 AM   2019L007949

70.     Defendants' tortious acts alleged herein caused or contributed to cause Plaintiff to incur expenses for past and future medical treatment, medication, medical monitoring, and medical devices. In addition, Plaintiff has suffered and will suffer damages for loss of earnings and loss of earning capacity, and all other damages permitted by Illinois law.

71.     In addition, Defendants knew that their toxic flavorings were unusually hazardous because they cause severe, permanent lung disease and, as a result, that exposure to their toxic flavorings created a high degree of probability of injury. Defendants' actions in exposing Plaintiff to their toxic flavorings and failing to mitigate the Plaintiff's damages were outrageous and showed complete indifference to or conscious disregard for the safety of others, including Plaintiff. Defendants' wrongful acts and omissions were outrageous because of Defendants' evil motive or reckless indifference for the rights of others. Therefore, punitive damages should be awarded in favor of Plaintiff and against Defendants in an amount that will punish Defendants and deter others from undertaking like conduct.

WHEREFORE, Plaintiff, by counsel, requests that judgment be entered in his/her favor against each of the Defendants, jointly and severally, for the full amount of Plaintiff's damages as determined in a trial by jury, which amount greatly exceeds the minimum jurisdictional amount in the Circuit Court of Cook County, Law Division, along with costs and all other relief the Court determines just and appropriate.

FILED DATE: 7/19/2019 10:08 AM   2019L007949

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,


/s/Tom R. Burcham, III/
Tom R. Burcham, III #6210820
Attorney at Law
222 West Columbia Street
Farmington, MO 63640
Telephone:  (573) 756-5014
Telefacsimile:  (573) 756-6878
tomburcham@tomburcham.com
**Attorney for Plaintiff**